SALMON, MICHAEL H., Associate Judge.
This is an appeal from a final summary judgment for the unpaid portion of hospital bills incurred by appellant’s brother. The claim is based upon a guaranty of payment signed by the appellant. We affirm except as to the award made for attorney’s fees, which the appellee confesses was entered in error.
The issues ultimately joined were: Did the appellant sign the document upon which the claim was founded, and if he did, did he sign as guarantor or as his brother’s power of attorney.
Much pre-trial skirmishing took place. Appellee’s motion for summary judgment was granted, the resulting judgment was vacated, and the motion was renewed. The original cause of action was based upon a document signed by appellant when his brother was admitted to appellee’s facilities in 1983; it ultimately was based upon the document allegedly signed upon a 1986 admission. The matter came to a head when the appellant (who is an attorney practicing law in New York since 1934) filed his affidavit in opposition to appellee’s motion for summary judgment, in which he stated that he had concluded that his signatures upon *648 the 1986 document were not his true original signatures; and in which he also claimed that he only signed as next of kin or as power of attorney for his brother.
Faced with this obvious inconsistency, the trial judge ordered the appellant to file an affidavit stating whether or not he denied having signed the document. If he did deny signing it, he was required to produce documents containing his signature, the obvious reason being to provide exemplars. The appellant neither filed the affidavit nor produced the documents.
The appellee moved to strike the ambiguous affidavit, and renewed its motion for summary judgment, claiming that the trial date was at hand, and experts could not be hired because the appellant had not supplied the exemplars. At a hearing upon this motion, the appealed final judgment was entered.
The major point raised by the appellant is that he did not receive adequate notice of the hearing at which the judgment was entered. The brief of appellant concludes that the appellant received only two days’ notice in New York of a hearing in Fort Lauderdale. There is no record support for this contention (the certificate of service on the notice is February 21, the hearing date is March 2). Nor is there any suggestion as to what would have been presented to the court by the appellant had he appeared at the hearing. But for the appellant’s claim that he did not sign the questioned document, the appellee was entitled to judgment.
The appellee admits that the matter must be returned to the trial court to determine the amount of attorney’s fees to be awarded.
This cause is affirmed in part, reversed in part, and remanded to determine the amount of attorney’s fees to which the appellee is entitled for services rendered in the trial court.
GLICKSTEIN and DELL, JJ., concur.